UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DRYWALL TAPERS AND POINTERS OF
GREATER NEW YORK LOCAL UNION 1974,
IUPAT, AFL-CIO,

                Plaintiff,

          *– against –*

CREATIVE INSTALLATIONS, INC.,

                Defendant.

---

**<u>OPINION & ORDER</u>**

18-cv-598 (ER)

The Court entered default judgment in favor of Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT, AFL-CIO ("the Union") on April 6, 2020.  Doc. 20.  That judgment confirmed an arbitration award granted in favor of the Union in the amount of $21,500, and further awarded interest, liquidated damages, and attorney's fees, all totaling $28,267.36.  *Id.* at 1.  The arbitration occurred before a Joint Trade Board ("JTB") on January 24, 2017, pursuant to a trade agreement between the parties.  Doc. 1 at 5.  Before the Court is a motion to reopen the case and vacate default judgment, brought by Defendant Creative Installations, Inc. ("Creative"), pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure.  Doc. 24.  For the reasons set forth below, the motion is DENIED.

## I.    BACKGROUND

### A.  Factual Background

The Union brought this action to secure performance of an arbitration award on January 23, 2018.  Doc. 1 ¶ 4.  The award was entered by the JTB pursuant to a trade agreement between Creative and the Union on January 24, 2017.  *Id.* ¶¶ 9–10, 14–15.

The trade agreement provided that Creative had a duty to report the hiring of any non-Union individuals to the Union.  *Id.* ¶ 10; *see also* Doc. 29-2 at 10 ("Any Employer hiring a non-

union Journeyperson or Apprentice shall first report the same to the Union and the said non-union Journeyperson or Apprentice shall, before commencing work, register with the Union.").

The Union charged Creative with hiring a non-Union worker to perform drywall taping without reporting that hire to the Union, in contravention of the parties' trade agreement. Doc. 1 ¶ 11. The Union demanded arbitration, *id.* ¶ 12; *see also* Doc. 29-3, and served a notice of arbitration on Creative at the address provided by Creative, Doc. 28 at 2; *see also* Doc. 29-3; Doc. 29-1 at 2. A hearing was then held before the JTB on January 24, 2017. Doc. 1 ¶ 14; *see also* Doc. 28 at 2; Doc. 29-1 at 2. At the hearing, while both Union and employer representatives were on the JTB, as required by the trade agreement,[1] no one appeared on behalf of Creative. *See* Doc. 28 at 2–3; Doc. 29-1 at 2–3.

At the hearing, a Union representative presented evidence, Doc. 29-1 at 3, and an award in the amount of $21,500.00 was granted in favor of the Union. Doc. 1 ¶ 15–17; Doc. 29-1 at 3. A copy of the arbitration award was mailed to Creative following the hearing, again to the address provided by Creative. Doc. 28 at 3; *see also* Doc. 29-4 at 2.

Creative did not pay the award. Doc. 1 ¶ 18. A demand letter was mailed to Creative, to the address provided by Creative, on April 18, 2017. Doc. 28 at 3; Doc. 29-5 at 2. Creative still did not pay the award. *See* Doc. 28 at 3. The Union thus brought an action to confirm and enforce the award on January 23, 2018. *Id.*; *see also* Doc. 1.

### B. Procedural History

An electronic summons was issued on February 15, 2018. Doc. 6. An affidavit of service thereafter confirmed physical service on Creative's authorized agent in the Office of the Secretary of State of New York in the City of Albany, on March 5, 2018. Doc. 7.

On July 25, 2018, the Union requested that the Court enter default judgment against Creative on the basis of its failure to appear or answer the summons and complaint. Doc. 8.

---

[1] The JTB is established by the parties' trade agreement. It specifies that arbitration hearings must be conducted by a JTB that consists of "two (2) Chairpersons who shall be members of the Joint Trade Committee, one of whom shall be an Associations' representative and the other, a Union representative." Doc. 29-2 at 26. At the arbitration hearing on January 24, 2017, the JTB consisted of three Union representatives and two employer representatives. Doc. 29-1 at 2.

On January 10, 2019, the Court issued an order directing Creative to show cause why default judgment should not be entered in favor of the Union.  Doc. 17.  It was served on Creative the next day, on January 11, 2019, by first class mail to its last known business address.[2]  Doc. 18.  Creative did not appear at the show cause hearing held on February 22, 2019.  Accordingly, default judgment was entered against Creative on April 6, 2020.  Doc. 20.

On May 11, 2020, the Union requested that the Clerk of the Court issue an abstract of judgment.  Doc. 21.  The abstract of judgment was issued to the Union the next day.  On February 11, 2022, a year and eight months later, the Union again requested that the Clerk of the Court issue an abstract of judgment.  Doc. 22.  An abstract of judgment was issued that day.

On June 7, 2022, four months after the February 2022 abstract of judgment was issued, Creative appeared for the first time and moved to vacate default judgment.  Doc. 24.  Creative claims that it "never received the Notice of Arbitration allegedly filed by the Union in the underlying arbitration, any arbitration documents, the Summons and Complaint filed in this action, or any other litigation documents until February, 2022."  *Id.* at 2–3.  In support of this contention, Creative submitted affidavits from Emilia Tomeo, Creative's office manager, and Thomas Amodio, Creative's President and sole shareholder.  Doc. 24-1 ¶ 2, 4 (Tomeo Decl.); Doc. 24-2 ¶ 2, 3 (Amodio Decl.).  Mr. Amodio explains that he only "learned from [Creative's] bank that [it was] facing a collection issue related to the default judgment entered in this action."  Doc. 24-2 ¶ 3 (Amodio Decl.).  In its motion to reopen, Creative also attaches timesheets from the work site where the incident at issue occurred in an effort to dispute the facts underlying the arbitration.  Doc. 24-3.  With these submissions, Creative moves to reopen the case and vacate default judgment.  Doc. 24.

---

[2] Creative does not dispute that the address used was its actual address.

## II.    LEGAL STANDARD

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  Fed. R. Civ. P. 55(c).  Per Rule 60(b), a court may vacate a judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Motions under Rule 60(b) appeal to the sound discretion of the district court.  *Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd sub nom.*, *Gollust v. Mendell*, 501 U.S. 115 (1991).  While there is a preference in the Second Circuit for resolving disputes on the merits, *Enron Oil Corp. v. Diakuhara*, 10 F. 3d 90, 95 (2d Cir. 1993), especially when substantial rights or substantial sums of money are demanded, *id.* at 97, the orderly and efficient administration of justice may nevertheless require maintaining the default judgment, *id.* at 96.

## III.  DISCUSSION

Creative moves to set aside the default judgment on the grounds that it "did not timely receive a copy of the Union's Summons and Complaint, or any other litigation documents filed in this action."  Doc. 24 at 1.  Thus it allegedly "did not become aware of the Union's claim until well after default judgment had been entered by the Court."  *Id.*  Creative relies on Rule 60(b)(4), which provides for relief where "the judgment is void" due to improper service.  Fed. R. Civ. P. 60(b)(4).  The Union responds that service was proper under local law.  Doc. 28 at 5.

4

Creative also relies on Rule 60(b)(6), which is a catch-all provision for relief from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also State Univ. of N.Y. v. Triple O, LLC*, No. 1:19 Civ. 1385 (GLS), 2021 WL 3287774, at *3 (N.D.N.Y. Aug. 2, 2021). As "Rule 60(b)(6) is not to be used 'if there is any other reason [under categories (1) through (5)] justifying relief from the judgment,'" the Court must first evaluate the Rule 60(b)(4) argument. *State Univ. of N.Y.*, at *3 (quoting *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55–56 (2d Cir. 1989)); *see also Vega v. Trinity Realty Corp.*, No. 14 Civ. 7417 (RJS), 2021 WL 738693, at *6–8 (S.D.N.Y. Feb. 24, 2021) (first considering whether the judgment was void, and then considering the prudential factors).

## A. Rule 60(b)(4)

A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effectuated. *Vega*, 2021 WL 738693, at *3 (citing *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 122–23 (2d Cir. 2008))*; see also Sartor v. Toussaint*, 70 F. App'x 11 (2d Cir. 2002) (summary order). "[W]hen a judgment entered against the defaulting party is void, the Court has no discretion and is compelled to grant the motion [to set aside default judgment] for the reason that a void judgment cannot be enforced." *Wrobleski v. Morrissette*, No. 96 Civ. 0182 (JTE), 2000 WL 129184, at *1 (W.D.N.Y. Jan 27, 2000) (internal quotation marks and citation omitted); *accord Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005).

"The burden of proof [in Rule 60(b)(4) motions] is properly placed on the party asserting" that the judgment is not void. *Triad Energy Corp. v. McNell*, 110 F.R.D. 382, 385 (S.D.N.Y. 1986). "In New York, a process server's affidavit of service establishes a *prima facie* case of the account of the method of service, and thus, in the absence of contrary facts, [the Court] presume[s] that [the defendant] was properly served with the complaint." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) (citing *Nyctl 1997-1 Tr. v. Nillas*, 732 N.Y.S.2d 872, 873 (App. Div. 2nd Dept. 2001)). "A defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's

5

affidavit and necessitates an evidentiary hearing." *Old Republic Ins. Co.*, 301 F.3d at 57 (citation omitted).  "But no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." *Id.* at 58 (quoting *Simonds v. Grobman*, 716 N.Y.S.2d 692, 693 (App. Div. 2nd Dept. 2000)).  Thus the Union must show—and Creative must specifically rebut—that Creative was served in accordance with Federal Rule of Civil Procedure Rule 4(h).

Rule 4(h) requires that service must be made "pursuant to the law of the State" in which the District Court is located,  Fed. R. Civ. P. 4(h)(1)(A) (referring to Fed. R. Civ. P. 4(e)(1)),  or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . ."  Fed. R. Civ. P. 4(h)(1)(B).  "Under New York law, a New York corporation . . . may be served by personal delivery of process to, or leaving process with 'any person authorized by the secretary of state to receive such service.'" *Crawford v. Nails on 7th by Jenny Inc.*, No. 18 Civ. 9849 (ER), 2020 WL 564059, at *3 (S.D.N.Y. Feb. 5, 2020) (quoting N.Y. Bus. Corp. Law § 306 (b)(1) and N.Y. C.P.L.R. § 311(a)(1)).

Here, electronic summons was issued on February 15, 2018.  Doc. 6.  Thereafter, an affidavit of service confirmed physical service on Creative's authorized agent in the Office of the Secretary of State of New York on March 5, 2018.  Doc. 7.  This constitutes the Union's *prima facie* proof of proper service.  *Weingeist v. Tropix Media & Entertainment*, No. 20 Civ. 275 (ER), 2022 WL 970589, at *9 (S.D.N.Y. Mar. 30, 2022) (citing *Old Republic Ins. Co.*, 301 F.3d at 57).  Creative concedes that service to the Secretary of State occurred.  *See* Doc. 24 at 7; Doc. 24-2 ¶ 4 (Tomeo Decl.).

Because it is undisputed that service to the Secretary of State occurred in accordance with New York law, Creative's Rule 60(b)(4) arguments necessarily fail.  Indeed, many courts have denied motions to vacate default judgments on this basis where a defendant was properly served pursuant to N.Y. C.P.L.R. § 311.  *See, e.g.*, *Weingeist*, at *10 (denying Rule 60(b)(4) motion on

the grounds that service to the Secretary of State was proper); *see also Vega*, 2021 WL 738693, at *5 (holding that under New York law, all that is needed to exercise jurisdiction over a corporation is serving the Secretary of State with the process); *Logan v. World Luxury Cars, Inc.*, No. 15 Civ. 248 (ENV), 2022 WL 2466834 at *4 (E.D.N.Y. Mar. 30, 2022) ("The law is clear that delivery of the summons and complaint to the Secretary of State is sufficient to constitute service on the [c]orporate [d]efendant. . . . [F]ailure to actually receive the summons and complaint from the Secretary of State does not make service improper."); *Briggs Ave. LLC v. Ins. Corp. of Hanover*, No. 05 Civ. 4212 (GEL), 2006 WL 1517606, at *5 (S.D.N.Y. May 30, 2006) (concluding that "service of process on a corporation is deemed complete when the Secretary of State is served, regardless of whether such process ultimately reaches the corporate defendant"), *aff'd*, 550 F.3d 246 (2d Cir. 2008); *I.L.G.W.U. Nat'l Ret. Fund v. Meredith Grey, Inc.*, 986 F. Supp. 816, 819–21, 825 (S.D.N.Y. 1997) (refusing to vacate a judgment under Rule 60(b)(4) where service was properly effected on the corporation through the Secretary of State).

While Creative asserts that "Ms. Tomeo, as Creative's representative with primary responsibility for reviewing incoming legal documents during the period at issue, has submitted an affidavit stating that she did not receive the Summons and Complaint, nor any notice of this action while it was pending," Doc. 24 at 8, these are not "specific facts to rebut the statements in the process server's affidavit[]," nor the adequacy of service through the Secretary of State. *Old Republic Ins. Co.*, 301 F.3d at 57. Rather, they speak only generally to Ms. Tomeo's experience, that "to [her] knowledge, Creative did not receive any documents relating to this action, and [she] personally had no actual notice of this action, until February 2022, when [Creative] learned from [its] bank that [it] was facing a collection issue related to the default judgment entered in this action." Doc. 24-1 ¶ 4 (Tomeo Decl.). These conclusory attestations do not surmount the *prima facie* case made by the Union that it served the Secretary of State the summons and complaint. Thus, the Rule 60(b)(4) motion is denied.

### B.   Rule 60(b)(6)

"[A] proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship." *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) (citing *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004)) (internal quotation marks omitted).  Rule 60(b)(6) relief "is to be used sparingly." *De Curtis*, 529 F. App'x at 86.

In deciding such motions, courts in this Circuit apply a three-factor test, which calls for the Court to consider:  "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense [was] presented." *Enron Oil Corp.*, 10 F.3d at 95 (citing *Action S.A. v. Marc Rich & Co*., 951 F.2d 504, 507 (2d Cir. 1991), *cert. denied*, 112 S. Ct. 1763 (1992)); *see also Johnson v. New York Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020).  Related factors, such as whether the failure to follow a rule of procedure was a mistake made in good faith or whether the entry of default would bring about a harsh or unfair result, may also be considered.  *See Sony Corp. v. Elm State Elecs., Inc*., 800 F.2d 317, 320 (2d Cir. 1986).

### i.        Whether the Default Was Willful

 Creative argues its default was not willful because it did not receive service.  Doc. 24 at 1.  Ms. Tomeo and Mr. Amodio attest to this in their affidavits.  Doc. 24-1 ¶ 4 (Tomeo Decl.); Doc. 24-2 ¶ 3 (Amodio Decl.).

In the context of default judgment, willfulness amounts to conduct that is "more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).  In other words, willfulness is "egregious or deliberate conduct," such as where a defaulting defendant "apparently made a strategic decision to default." *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60–61 (2d Cir. 1996).

The record does not indicate that Creative's default was willful.  While Ms. Tomeo's affidavit does not rebut the Union's *prima facie* case of service in the Rule 60(b)(4) context, it is enough to demonstrate that default was not willful in the Rule 60(b)(6) context.  Indeed, courts have made clear that a party's denial of receipt of service fails to meet the willfulness standard.

*See Crawford*, 2020 WL 564059, at *3 (finding no willfulness given that Defendants swore they did not receive service at their place of work).  For example, in *Yu Peng Lu v. Nisen Sushi of Commack*, the defendant "denied receiving a copy of the Complaint and Summons," as here.  *Lu v. Nisen Sushi of Commack, LLC*, No. 18 Civ. 7177 (RJD), 2022 WL 16754744, at *6 (E.D.N.Y. Aug. 29, 2022).  Although their Rule 60(b)(4) motion was denied because the corporate defendant was properly served via the Secretary of State, their default was considered not willful.  *Id.* at *6–7.  The Court observed that "[s]ince [the company's manager testified that he] could have accepted service on [its] behalf, his denial of receipt of service shows that Defendants were not willful in their default."  *Id.* at *6.

Here, Ms. Tomeo likewise denies receipt of service, Doc. 24-2 ¶ 3 (Amodio Decl.), thus showing that Creative's default was not willful.  Accordingly, this factor counsels in favor of vacatur.

### ii.     Whether Setting Aside the Default Would Prejudice the Union

In considering whether a plaintiff would be prejudiced if a default judgment were vacated, the Court must take into account more than mere delay or passage of time.  *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983); *see also Enron Oil Corp.*, 10 F.3d at 98.  A plaintiff may demonstrate prejudice by showing "that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  *Davis*, 713 F.2d at 216.  Prejudice may also be present if vacatur would "thwart plaintiff's recovery or remedy."  *Green*, 420 F.3d at 110 (internal quotation marks and citation omitted).  To meet this standard, "the plaintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the Court in another manner were the default to be vacated."  *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12 Civ. 52 (JPO), 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013).

Here, the Union contends that "the delay imposed by vacatur of the [a]rbitration [a]ward would be prejudicial as the Union representative who presented evidence at the January 24, 2017 JTB hearing is no longer employed by the Union."  Doc. 45 at 5.  That testimony was the sole

evidence heard by the JTB of the trade agreement violation.  Doc. 29-1 at 3; Doc. 28 at 5.
Creative acknowledges this.  Doc. 24 at 2 (stating that the Union representative's unsworn
allegations are the Union's "only evidence" and the "no [other] evidence was submitted" to
prove the trade agreement violation).  It is obvious that the Union is prejudiced by losing the
testimony of their only witness of a trade agreement violation that occurred more than five years
ago.  *See* Doc. 28 at 5.

Creative diminishes this loss, and instead argues that this provides occasion to "defend
against the claims asserted" and "be subject to discovery requests."  Doc. 24 at 5.  This, Creative
asserts, "will serve to enhance, rather than impede, proper discovery on the substance of the case
for all parties."  *Id.*  The prospect of Creative's active participation does not override the actual
prejudice of evidence deficiency that the Union would face here.  Indeed, this factor calls the
Court to consider only the prejudice to the Union.  Accordingly, this factor counsels against
vacatur.

### iii.    Whether a Meritorious Defense Was Presented

To make a sufficient showing of a meritorious defense, a defendant need not prove the
defense conclusively.  *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).  A defendant must,
however, present facts that if proven at trial, would constitute a complete defense.  *Enron Oil
Corp.*, 10 F.3d at 98; *see also Green*, 420 F.3d at 109 (citing *McNulty*, 137 F.3d at 740).
Defaulting defendants must "present more than conclusory denials when attempting to show the
existence of a meritorious defense."  *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 173 (2d
Cir. 2001).

When a party moves to confirm and enforce an arbitration award, the Court must apply a
strict standard of review.  The award "should be confirmed if a ground for the arbitrator's
decision can be inferred from the facts of the case."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462
F.3d 95, 110 (2d Cir. 2006).  Put otherwise, as long as there is "a barely colorable justification
for the outcome reached," a court should enforce an arbitration award.  *Landy Michaels Realty
Corp. v. Local 32B-32J, Serv. Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992); *see also*

*Trs. of New York City Dist. Council of Carpenters Pension Fund v. Ferran Dev. Corp.*, No. 13 Civ. 1482 (LAK), 2013 WL 2350484, at *3 (S.D.N.Y. May 30, 2013) (citing *D.H. Blair*, 462 F.3d 95 at 110). This limited review promotes the goals of arbitration, of "settling disputes efficiently and avoiding long and expensive litigation." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997).

Moreover, an unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *Drywall Tapers & Pointers of Greater N.Y. Local Union 1974 v. CCC Custom Carpentry Corp.*, No. 20 Civ. 946 (ER), 2020 WL 4500180, at *3 (S.D.N.Y. Aug. 5, 2020) (citing *D.H. Blair & Co.*, 462 F.3d at 110); *see also Trs. for The Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record.").

The Union directs the Court's attention to only the facts on the record of the January 24, 2017, arbitration hearing that were presented—and left unopposed—in the motion for confirmation and enforcement of the arbitration award. Doc. 28 at 2-3. The Union argues that those facts do, in fact, "bear 'at least a colorable justification.'" *Id.* at 7. The Union also confirms that the arbitration was conducted in accordance with the trade agreement's procedural requirements. *See id.* at 8 n.7.

The Court agrees that the facts before the JTB provide at least "a barely colorable justification" for the arbitration award. *Landy Michaels Realty Corp.*, 954 F.2d at 797. More specifically, the Union representative's "first-hand knowledge [that non-Union workers were hired by Creative without Creative reporting it to the Union,] reported at the January 24, 2017 [arbitration] supplies a reasonable basis for the JTB's finding of a violation of Article I Section 5(c) of the [trade] [a]greement," which prohibited exactly that conduct. *Id.* at 7 n.6.

To present a sufficient defense to the Union's motion to confirm and enforce the arbitration award, Creative would have had to provide evidence that the JTB's decision could not

be supported by the evidence presented during the arbitration.  *See D.H. Blair*, 462 F.3d 95 at

110*; see also Ferran Dev. Corp.*, 2013 WL 2350484, at *3; *see also Trs. of the N.Y.C. Dist.*

*Council of Carpenters Pension Fund v. Dejil Sys.*, Inc., No. 12 Civ. 005 (JMF), 2012 WL

3744802, at *2 (S.D.N.Y. Aug. 29, 2012)) (noting that in a case involving a collective bargaining

agreement, the Court evaluates whether the arbitrator acted within the scope of his authority); *see*

*also United States Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)

(stating that an award will be confirmed so long as it "draws its essence from the collective

bargaining agreement.").

      Creative fails to provide a meritorious defense that meets the applicable standard.

Instead, it seeks to redo the arbitration hearing, offering sworn declarations and timesheets from

the work site where the incident giving rise to arbitration occurred in order to contradict the

Union's account.  *See* Doc. 24-1; Doc. 24-2; Doc. 24-3.  Creative cannot now enter these merits-

based rebuttals in a Rule 60(b) motion to reopen a default judgment.  *Bridgeport Rolling Mills*

*Co. v. Brown*, 314 F.2d 885 (2d Cir. 1963) (per curiam) (finding Rule 60(b) a procedurally

improper means of redressing alleged wrongs or oversights in arbitration proceedings); *see also*

*Arrowood Indem. Co. v. Equitas Ins. Ltd.*, No. 13 Civ. 7680 (DLC), 2015 WL 2258260, at *5

(S.D.N.Y. May 14, 2015) (stating that it would "upend[] the FAA's strong deference to the

process and substance of arbitration as a form of dispute resolution" if a challenge pertaining to

the arbitration proceeding were to be allowed as grounds against award confirmation in a Rule

60(b)(3) motion).

      Without defenses that go to the complaint's claim for confirmation and enforcement of

the arbitration award, Creative does not put forth a meritorious defense.  Accordingly, this factor

counsels against vacatur.

      As the Union successfully demonstrated two of the three relevant factors in the Rule

60(b)(6) analysis—that setting aside the default would prejudice the Union and that a meritorious

defense was not presented by Creative—and as Rule 60(b)(6) is reserved for vacatur of default

judgment only in "extraordinary circumstances or extreme hardship," *De Curtis*, 529 F. App'x at 86, the Court declines to vacate default judgment and reopen the case.

**III.      CONCLUSION**

For the foregoing reasons, Creative's motion to vacate the default judgment is DENIED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 24.

It is SO ORDERED.


Dated:    December 19, 2022

New York, New York

_____

Edgardo Ramos, U.S.D.J.